The case was informally made and settled. Besides the evidence, so far as necessary to a proper understanding of the questions intended to be raised on the appeal, if any portion of it was necessary, it should have contained a statement of the facts as the judge found them, and his conclusions of law. The place for this statement and those conclusions is not in the decision which the judge pronounces and signs as the authority for the judgment; but in the case made to review the judgment. The rules on this subject were laid down in Hunt v. Bloomer (3 Kern., 341) and Johnson v. Whitlock (Id., 344); also, Magie v.Baker (4 Kern., ). The exceptions should also have been inserted in the body of the case, as the practice always was, both in reference to cases and bills of exceptions, before the Code of Procedure. It has been too generally supposed that there is now something new, difficult and strange in the *Page 592 
manner of preparing cases for appeal; and accordingly we find them prepared frequently in modes never heard of in any known system of practice. A case is now, in its substance, very nearly if not identically, what a bill of exceptions always was in legal practice, except as to the formal statement of facts, which is now required to be inserted. If attorneys, besides reading the Code, would carefully study, in other books, the nature of a bill of exceptions, they would rarely be at a loss in preparing their cases for review. The proceeding is extremely simple, instead of extremely difficult, as seems to have been imagined.
In the present instance the case has a distinct reference to a paper in the judgment roll for a statement of facts and conclusions of law, and to another schedule or paper for the exceptions to those conclusions. All this is extremely inartificial, but the outside papers and documents thus referred to, may, perhaps, be considered as incorporated in the body of the case. On this ground, we allow the appeal to stand, especially, as the practice has been misunderstood in very many instances.
The order, however, made by the Supreme Court, denying the motion to refer the case back for a further statement of facts,c., and the papers used on that motion must be struck from the appeal book. We have no jurisdiction to review such an order. To this extent, therefore, the motion is granted, without costs to either party.
Ordered accordingly. *Page 593