## INGERSOLL *v.* BOSTWICK.

To raise a question of law, an exception must be taken and set forth in the case.

That the judgment, which should have been in the alternative for the return of personal property or for its value, is for the value absolutely, and does not conform to the report of the referee, is an irregularity, to be corrected by the court of original jurisdiction, but not reviewable on appeal.

APPEAL from the Supreme Court. Action to recover possession of personal property. The trial was before a referee, who reported that the plaintiff was entitled to judgment for the recovery of the property, or for its value, with damages for the detention, which were assessed by him. The judgment was entered for the amount of the value and damages, absolutely, without any reference to a recovery of the chattels. From the history of the trial, as set out in the paper book, there appeared to have been but a single exception taken, and upon this no point was made at the hearing. The judgment having been affirmed at general term in the second district, the defendant appealed to this court.

*Amasa J. Parker*, for the appellant.

*John K. Porter*, for the respondent.

WRIGHT, J. There is nothing in this case for the court to review. We have held, over and over again, that only such questions of law as were properly raised by exceptions in the court below can be reviewed here. (*Hunt* v. *Bloomer*, 3 Kern., 341; *Magee* v. *Baker*, 4 id., 435; *Oldfield* v. *New York and Harlem R. R. Co.*, 4 id., 310; *Smith* v. *Grant*, 15 N. Y., 590; *Otis* v. *Spencer*, 16 id., 610.) Several of the cases cited hold that a review can be had on a case only, containing the conclusions of fact and law, and all the exceptions intended to be

argued in the appellate court. There is no case, however, holding that a party can here present points of law that he did not raise upon the trial in the court of original jurisdiction. On examining the Appeal Book in the present case, I have failed to find any exception to the rulings of the referee on the trial, or to his conclusions of law as contained in his report. We have the evidence and the report of the referee, but no case containing his conclusions of fact and law; nor do the papers presented to us show that any legal point was raised before him. The only question on the appeal is one of fact, which is not reviewable here, and in respect to which the appellant is concluded by the judgment of the Supreme Court.

A point is now raised that the judgment ought to have been entered in the alternative, viz., for a recovery of possession of the personal property specified in the complaint, or the value thereof in case a delivery could not be had; and as the judgment was entered absolutely for the value of the property, it was irregular and unauthorized, and should be reversed by this court. This ground cannot be maintained. In an action to recover the possession of personal property (where such property has been retained by the defendant), the proper judgment for the plaintiff should be for the recovery of possession, or the value of the property in case a delivery thereof cannot be had. (Code, § 277.) In this case the property had been taken by the sheriff and returned to the defendant, under the provisions of section 211 of the Code; and the referee directed judgment that the plaintiff recover the possession or the value thereof, which he assessed at the sum of $300, following, substantially, the provisions of the statute. It seems, however, that the judgment formally entered on the record was for the value of the property only. This was the entry of a judgment different from that directed by the referee, and was, unless done by consent of the parties, an irregularity, to be corrected by motion in the court below, and is not a ground for a reversal of the judgment on appeal to this court on the merits. (*Johnson* v. *Carnley*, 6 Seld., 570.) This view is not opposed by the case of *Dwight* v. *Enos* (5 Seld., 470). In the latter

case the property had been delivered to the plaintiff, and the defendant succeeded in the action; but the referee, instead of directing judgment in the alternative, on a suggestion of waiver by the defendant of a return of the property, gave judgment absolutely for the value thereof. This court was of the opinion that the statute only authorized the giving of an alternative judgment, and reversed that of the referee. In that case it was not a mere irregularity in the formal entry of judgment; but the referee had assumed to give what was deemed to be an unauthorized judgment. As in the present case, the referee gave the proper judgment, it is unimportant to determine whether the judgment in *Dwight* v. *Enos* was properly reversed on appeal, upon a point not raised on the trial, and in respect to which no exception was taken.

The judgment of the Supreme Court must be affirmed.

All the judges concurring,

Judgment affirmed.