Davies, J.
This is an action upon a promissory note made by the defendant. The referee, before whom the action was tried, found, as matters of fact, that the defendant, on the 6th of December, 1855, for value received, promised by his certain note to pay C. L. & A. C. Burpees or bearer, one day from date, $320.24,' with use, at their office in Le Boy, and delivered the same to the payees: that before the transfer of said note, the defendant paid thereupon, on the 23d February, 1856, $100, which was indorsed on said note: that before the transfer, the defendant paid to the payees of the note the sum of $3, and that the interest thereon is 35 cents: that the note was transferred to the plaintiff, and that he was the owner and holder thereof. Judgment on this report was entered for the plaintiff, for the balance due on the note, which was affirmed at the general term. The defendant set up a counter-' claim, which, in the judgment of the referee, was not sustained by the evidence, and was therefore disallowed by him. The only question, therefore, which this appeal presents, is one of fact, and which, on appeal to this court, is not reviewable here, and in respect to which the appellant is precluded by the judgment of the Supreme Court. (Ingersoll v. Bostwick, 22 N. Y., 426.)
*76 .Grant v. Morse (22 N. Y., 323), is a case like the present. There the defendants set up a counter-claim for damages sustained by them, and the referee did not specifically find upon the counter-claim, but found generally for the plaintiff. We then said that, to raise a question of law in this court, the facts must be explicitly found. The party appealing must make his case, and have it settled with such a statement of the facts as will necessarily show that the law is in his favor. If he does not, every intendment, not absolutely unreasonable in itself, will be against him. Judgments are not reversed in this court because the facts found by a referee or judge do not affirmatively sustain them: on the contrary, the judgments of subordinate courts are presumed to be right, unless it appear that a rule of law has been violated after assuming that the facts have been viewed in the most favorable light which the case will admit of. It was the privilege of the defendant, in procuring the referee to settle his. report, to require him to find upon all the issues one way or the other. If he refused so to do, no doubt the Supreme Court would have granted a new trial for that very reason; or if not, then an exception to such refusal might have been available in this court; but nothing of this kind appeared in the case of Grant v. Morse, neither does it appear in the present case, and we are therefore left to infer here, as we did there, that the general conclusion of the referee as contained in his report, did involve a finding by him, although not in terms expressed, upon all the material questions in issue.
We do not look at the finding, or statement of facts, made by the general term. It has no authority by the Code to make or find such statement. The facts must be found by the primary tribunal, the referee or the court which tried the action, without a jury, and such finding is conclusive upon this court when it is affirmed by the general term. And it is also conclusive in the case of a reversal by the general term, unless it be stated in the order of reversal that the judgment is reversed upon questions of fact.
*77 The judgment appealed from must be affirmed, with costs.
All the judges concurring,
Judgment affirmed.