Alonzo Doty and Charles N. Button *v.* William Carolus.

Where no exceptions are taken on the trial, and no conclusions of fact stated, which can raise any questions of law, and no conclusions of law are stated, this court has no jurisdiction to review the case.

The General Term had jurisdiction to set aside the report of the referee, as being against evidence, if they had found it impeachable on that ground. But on affirming the judgment, it has left nothing for this court to do in the premises.

Denio, Ch. J.   This case comes here on an appeal from a judgment of the Supreme Court, rendered on the report of a referee.   The recovery is in favor of the plaintiffs for $350.15 and costs, and the appeal is by the defendant.

The plaintiffs resided in Washington county, and during the fall and winter of 1855–'56 were engaged in forwarding potatoes and apples to the defendant, who had a place of business at the Washington market in the city of New York, to sell on commission.   The referee found that the proceeds of the defendant's sales of the plaintiffs' produce amounted to $4,703.82.   Against this, the defendant claimed to be allowed the sum of $4,857.67, for money paid the plaintiffs on their drafts, and for commissions and expenses.   Among the drafts which the defendant had paid were three, which were signed by the plaintiff Doty alone, and the amount expressed in them respectively was directed to be charged to the account of Doty.   Two of these were for $500 each, and the other for $200.   It appeared that, prior to the commencement of the dealings mentioned, the plaintiff Doty had transactions of a similar nature, on his individual account, with the defendant, and that, during the continuance of the dealings first mentioned, Doty continued to forward produce to the defendant on his own account, to be sold on commission. The question as to the allowance of the three drafts of Doty against the defendant's indebtedness to the plaintiffs as partners, was one of the principal points litigated on the trial. The plaintiff Button and the defendant were each examined

as witnesses for themselves, and their evidence, which was nearly all the testimony in the case, was very contradictory.

The referee found, as conclusions of fact, that there was a balance in the defendant's hands, which he owed to the plaintiffs, of $350.15; that he allowed two of the drafts signed by Doty alone, on the ground that they were paid by the defendant under such circumstances as to warrant the defendant in supposing them to be on the joint account of the plaintiffs. As to the remaining one, being a draft for $500, dated December 24, 1855, and signed by Doty alone, he found that it was not drawn on the joint account of the plaintiffs, and that it was not paid under such circumstances as to warrant the defendant in supposing it to be on the joint account of the plaintiffs.

There were no exceptions taken on the trial which are now insisted on, and there are no conclusions of fact stated which raised any question of law; and there are no conclusions of law stated, except that the plaintiffs are entitled to recover the balance above mentioned.

We have no jurisdiction, as has been decided a great many times, to sit in review upon the determination of questions of fact. The case depended very much upon the relative credit to be given to the parties as witnesses in their own interest. The Supreme Court, at General Term, had jurisdiction to set aside the report, as being against the evidence, if they had found it impeachable for such a cause; but they determined that it ought to be affirmed. The defendant was not well advised in seeking relief against that judgment here, where a jurisdiction to examine it does not exist.

The judgment must be affirmed.

DAVIS, J. This action was brought to recover a balance claimed to be due from defendant to plaintiffs for the proceeds of property sold by the former on commission. It was tried before a referee, who found that defendant had received, as such proceeds, and in money from plaintiffs, the sum of $4,703.82; that he had paid drafts drawn by plaintiffs in the course of their dealings, and "drafts drawn by the plaintiff

Doty alone, and paid under such circumstances as to warrant defendant in supposing them to be on the joint account of the plaintiffs," which, with other payments, charges and commissions, amounted to $4,357.67, leaving a balance due from defendant of $350.15, for which the referee ordered judgment. The referee found that one draft drawn by Doty alone, dated December 24, 1855, was not on joint account of plaintiffs, nor drawn and paid under such circumstances as to warrant defendant in supposing it to be on the joint account of plaintiffs, and he therefore rejected the same.

The evidence in the case on every question involved was conflicting; and it is impossible to say that there was not some evidence tending to establish every fact as found by the referee. The exceptions to the report, therefore, only raised questions of fact for consideration on this appeal; and it is the well settled law that such questions are not open to review in this court, under the circumstances of this case. (*Haut* v. *Bloomer*, 3 Kern., 341; *Magee* v. *Baker*, 4 id., 435; *Oldfield* v. *New York & Harlem R. R. Co.*, 4 id., 310; *Smith* v. *Grant*, 15 N. Y., 590; *Otis* v. *Spencer*, 16 id., 610; *Ingersoll* v. *Bostwick*, 22 id., 425; *Grant* v. *Morse*, id., 323; *Phelps* v. *McDonald*, 26 id., 82.)

It is argued with much earnestness by the appellant's counsel, that there was no more reason for the rejection of the $500 draft drawn by Doty alone than for several others drawn in the same form by him, and which were allowed; but the referee has found that the others "were paid by defendant under such circumstances as warranted him in supposing them to be on the joint account of plaintiffs," while as to this particular draft he has found directly the reverse, and also that it was not drawn on the joint account of plaintiffs. Inconsistency, if there be any (which is not manifest, however), in these conclusions is not error of law, because there was conflicting evidence which would have prevented our interference if the referee had rejected all the drafts drawn by Doty alone.

The judgment should be affirmed with 10 per cent damage.
All the judges concurring,
Judgment affirmed.