## MORANGE v. MORRIS

September, 1867.

Affirming 34 *Barb.* 311.

Where the covenant to convey free from incumbrance, and the covenant to pay the purchase money are mutual and dependent, the purchaser

may rescind and recover back his deposit of purchase money without proving a tender of the balance, if the vendor, by reason of incum-

brances on the land, was not prepared to make title as required by the contract.*

Though the incumbrances be only taxes and assessments, if the vendor does not cause them to be discharged, the purchaser is not bound to accept title ; and his objecting to accept title on another and insufficient ground does not waive this objection.

Henry H. Morange sued Peter Morris, in the supreme court, to recover back money paid by plaintiff to defendant on an agreement to purchase certain lands, on the ground that plaintiff had rescinded the agreement, for a failure of the defendant to perform his part of the agreement. The complaint alleged that on August 5, 1857, plaintiff and defendant entered into an agreement whereby defendant agreed to sell plaintiff certain real estate in New York city.

The purchase price was thirty thousand dollars. The agreement acknowledged a deposit or payment on account, of fifteen hundred dollars, made on executing the agreement, and required the balance of the purchase money to be paid September 21, partly in cash and partly by assuming four specified mortgages which incumbered the property, and partly by a purchase money mortgage for the residue; and the agreement contained a covenant on defendant's part that on receiving such payment of cash, and the purchase money mortgage, &c, he would convey in fee simple, free from all incumbrances ex-

---

JAMES, WOODRUFF and DANIELS, JJ., also were of opinion, that there was no sufficient evidence of a right to wages under the circumstances under which the plaintiff lived with the testator as a member of his family.

MASON and HUNT, JJ., also were for reversal, but on the ground that there was no sufficient evidence of emancipation ; and hence, that if a right to wages were shown, it was in the father, and he alone could recover.

Judgment reversed, and new trial ordered, costs to abide event.

Compare L. 1850, p. 579, c. 266, which enacts that where a minor goes to service, the payment of wages may be made to the child, unless the parent or guardian gives notice. ───

* Otherwise it seems if the vendor, on objection being made, promptly perfected a title, and in a reasonable time tendered a deed. Hartley v. James, 50 N. Y. 38 ; see, also, Delavan v. Duncan, 49 Id. 485 ; Harker v. Haverly, 50 Barb. 79.

cept said mortgage. On the day fixed plaintiff was ready and willing to perform, but the premises were incumbered by taxes and assessments amounting to sixteen hundred and fifteen dollars; and plaintiff alleged that he thereupon rescinded the contract.

The answer admitted these facts, except that it alleged that the agreement to convey was subject to an outstanding lease; that at the day fixed defendant was ready and willing to convey, free from all other incumbrances than those agreed for, and would have paid off the taxes and assessments if plaintiff had accepted the deed, or had refused to accept it on the ground of their existence; but, on the contrary, he objected solely on the ground that the land was subject to the lease referred to.

At the trial plaintiff moved for judgment on the pleadings, which was granted.

*The supreme court,* on appeal, at general term, held, that the refusal of the plaintiff to complete his purchase because there was a lease on the premises, did not deprive him of the right to object to other incumbrances on the property; that the incumbrances should have been removed before the time fixed for completing the contract; and that performance on the part of the plaintiff was not necessary if the defendant was unable to perform, except in case the plaintiff sought to compel performance, or to recover damages without rescinding the contract. Reported in 34 *Barb.* 311.

Defendant appealed to this court.

*Henry H. Morange,* plaintiff and respondent, in person.— The vendor having failed to relieve the land sold from the liens upon it, in compliance with his covenant to do so, the vendee was under no obligation to make any performance on his part. Lawrence *v.* Taylor, 5 *Hill,* 107; Judson *v.* Wass, 11 *Johns.* 525; Holmes *v.* Holmes, 12 *Barb.* 137; Barker *v.* Parmalee, 20 *Johns.* 134; Jones *v.* Gardner, 10 *Id.* 266; Johnson *v.* Wygant, 11 *Wend.* 49; Williams *v.* Healy, 3 *Den.* 366; *Pars. on Cont.* 187; 1 *Chitty's Plead.* 318; *Sugden on Vendors,* 300; Fletcher *v.* Button, 4 *N. Y.* 396; Porter *v.* Noyes, 2 *Greenl.* 22. The vendor's title being defective at the time when the conveyance was to have been made, any condition precedent need not

to have been fulfilled. Holmes *v.* Holmes, 12 *Barb.* 146; Bellinger *v.* Kitts, 6 *Id.* 273; Lawrence *v.* Taylor, 5 *Hill*, 107; and authorities there cited.

*John H. Reynolds,* for defendant, appellant.—The covenants were mutual conditions, to be performed at the same time, and neither party could maintain an action on account of the default of the other without showing performance, or tender or offer of performance on his part. Pordage *v.* Cole, 1 *Wm. Saund.* 319 n., Rule 5; Kingston *v.* Preston, cited in Jones *v.* Barkley, *Dougl.* 690, per Lord MANSFIELD; 2 *Pars. on Cont.* 40. The plaintiff had no right to treat the contract as rescinded, unless the defendant was in default, or unless the title of the defendant was totally divested and destroyed, so as to put it absolutely out of his power to perform the agreement on his part. Burwell *v.* Jackson, 9 *N. Y.* 535, 546, 547; Bruce *v.* Tilson, 25 *Id.* 194–6; Fuller *v.* Howard, 6 *Cow.* 46; Battle *v.* Rochester City Bank, 5 *Barb.* 414; S. C., 3 *N. Y.* 88; Abbott *v.* Draper, 4 *Den.* 51. The existence of liens of comparatively small amount is not a total destruction of the title, which will excuse an offer to perform, within the meaning of the law. Burwell *v.* Jackson, and Abbott *v.* Draper, *supra.* The defendant, if in default, was excused for the omission to pay taxes by the refusal of plaintiff to perform for the reason, only, that the premises were subject to a lease. Traver *v.* Halsted, 23 *Wend.* 66; Williams *v.* Healey, 3 *Den.* 363; Boardman *v.* Sill, 1 *Campb.* 410; White *v.* Gains, 2 *Bing.* 23; Winne *v.* Reynolds, 6 *Paige*, 407; McWhorter *v.* McMahan, 10 *Id.* 386; Carman *v.* Pultz, 21 *N. Y.* 547.

BY THE COURT.—JAMES C. SMITH, J.—By the terms of the agreement the plaintiff was to pay the sum of thirteen thousand five hundred dollars, in cash, and by assuming the mortgages mentioned in the agreement, and to execute his bond and mortgage for the remaining seven thousand five hundred dollars, on September 21, 1857; and the defendant, on receiving such payments, and the bond and mortgage at that time, was to convey to the plaintiff the lots in fee, free from all incumbrances except said mortgages and the lease. These several acts were to be performed at the same time, and the

obligations of the parties, in respect to them, were therefore mutual and dependent. Gardiner *v.* Corson, 15 *Mass.* 500; Grant *v.* Johnson, 5 *N. Y.* 247; Holmes *v.* Holmes, 9 *Id.* 525; Beecher *v.* Conradt, 13 *Id.* 108.

Ordinarily, it is incumbent on each party to an agreement creating mutual and dependent obligations, to perform, or tender a performance, on his part, in order to put the other party in default. There may be circumstances, however, which will excuse a party from such performance, and enable him to take advantage of the default of the other party, although he has not performed, or offered to perform, on his own part. A tender of performance need not be made when it would be wholly nugatory. For example, if the vendor in the present case had expressly notified the plaintiff, before September 21, that he would not convey, and therefore the plaintiff need not tender the payment which the agreement required to be made on that day, he would have been excused from making the tender, as it would have been an idle ceremony. In like manner, the conceded. inability of the vendor to perform, excuses a tender of performance by the vendee.

In the present case the vendor was unable to perform his agreement, for the reason that the premises were incumbered with the liens for taxes and assessments admitted in the answer. By his agreement he was not only to convey a title in fee simple, but he was to convey and assure it free from all incumbrances except as therein specified, and the incumbrances referred to were not within the exception. The existence of the incumbrances, at the time fixed in the agreement for the execution and delivery of a deed, was a breach of the agreement on his part, which put it out of his power to perform, and excused the plaintiff from tendering payment. See Holmes *v.* Holmes, 12 *Barb.* 137; affirmed in 9 *N. Y.* (5 *Seld.*) 525.

The averment in the answer that the defendant would have discharged the incumbrances on September 21, if the plaintiff had been ready and willing to perform on his part, is wholly immaterial. The act of conveying the premises, free from all incumbrances, was to be concurrent with that of the payment of the purchase money. The plaintiff was under no obligation

to pay his money to the vendor, and trust to a remedy by action for damages in case the vendor failed to remove the incumbrances. It was the duty of the defendant to have caused them to be discharged before the time arrived at which he had stipulated to convey.

Equally immaterial is the averment that the defendant would have discharged the incumbrances on September 21, if the plaintiff had objected to perform for the reason that they were unpaid. By objecting to the deed, on the ground that it was subject to the lease, the plaintiff did not waive the objection that the premises were incumbered, nor subject himself to the alternative of accepting a deed subject to the incumbrances, or forfeiting what he had paid. This view of the case is not in conflict with the cases cited by the appellant's counsel. In Boardman *v.* Sill, 1 *Campb.* 410, and White *v.* Gainer, 2 *Bing.* 23, a bailee of goods was held to have waived his lien for charges by claiming to be the general owner. In Winne *v.* Reynolds, 6 *Paige*, 407, n., and McWhorter *v.* McMahan, 10 *Id.* 386, bills were filed for a specific performance. In the former there was a trifling incumbrance, known to the vendee when he contracted, easily removable, and time was not of the essence of the contract. In the latter, the incumbrance was merely nominal. In Carman *v.* Pultz, 21 *N. Y.* 547, 551, there was a defect in the form of the deed, which could have been remedied if it had been pointed out. These cases have no bearing upon the question before us.

I think the judgment should be affirmed.

All the judges concurred, except MORGAN and PECKHAM, JJ., not voting.

Judgment affirmed, with costs.