ABRAHAM Cox, Respondent, v. SARAH JAMES, Appellant.

Where the owners of lands cause them to be surveyed and subdivided into lots for building purposes, and a map thereof to be made, upon which the lots were designated by numbers, and abutted at one end upon a strip designated as an alley, and such owners subsequently conveyed one of the lots, describing it by number on a map, specifying the map above mentioned, and specifying the boundaries as abutting at one end on the north

·line of such alley, as laid down in the map,—*Held*, that this conveyance gave to the grantee a right of way over the alley to the rear of his lot, as against his grantors and their subsequent grantee of the alley.

In an action involving the title to lands, the defendant, who is in possession under a quitclaim deed, cannot dispute the seizin of his grantor, at the time of giving the deed.

To authorize a reversal of a finding of fact in this court, on the ground that there is no evidence to sustain it, it must appear that the case contains all the evidence. GROVER, J.

(Argued May 17th; decided May 23d, 1871.)

APPEAL from the judgment of the late General Term of the Supreme Court, in the fourth judicial district, affirming the judgment of the Special Term, rendered on the report of a referee in favor of the plaintiff.

This action was brought to establish the right of the plaintiff to the use of an alley on the south side of his lots, in the village of Saratoga Springs. The lots were conveyed by one Maxwell and wife to the plaintiff. Maxwell had a map of the property made, upon which was laid out an alley sixteen feet in width, called "South alley." The description in the deed referred to the map, and bounded the south side of the property "along the north line of South alley." The plaintiff claims to the centre of "South alley," and if not entitled that, then, that the land immediately south of the said lots be always kept open as an alley. The defendant claims the whole land embraced in the alley as absolutely her own by a subsequent conveyance from Maxwell's wife to her, and she has fenced it into her own lot and wholly excluded the plaintiff therefrom. The other facts are sufficiently stated in the opinion of GROVER, J.,

*Amasa J. Parker*, for the appellant. On the question of want of proof to sustain the findings. (*Mason* v. *Lord*, 40 N. Y., 476; *Baker* v. *White*, 3 Keyes, 617.) On the question of boundary. (*Child* v. *Starr*, 4 Hill, 369; *Jackson* v. *Hathaway*, 15 Johns., 454; 20 Wend., 149; *Anderson* v. *James*, 4 Rob., 35; *Sizer* v. *Devereaux*, 16 Barb., 160; 1 Johns., 145; 6 Wend., 465; 19 Wend., 323; 20 Wend., 96.) See, as to the right of way claimed 3 Kent, 421, 507; *Holmes* v. *Seeley*

(19 N. Y., 507); Willard on R. E., 255; 2 Seld., 257; 16 Barb., 251; 26 Barb., 630; *Holdane* v. *Cold Spring* (21 N. Y., 474).

*A. Pond*, for the respondent. The deed conveyed to the centre of the alley. (*Perrin* v. *N. Y. C. R. R. Co.*, 36 N. Y., 120; *Bissell* v. *Same*, 23 N. Y., 61; *Varick* v. *Smith*, 9 Paige, 547; *Holland* v. *Trustees, etc.*, 21 N. Y., 474; *Hennessey* v. *Old Colony R. R. Co.*, 101 Mass., 541; *Anderson* v. *James*, 4 Rob., 35; *Child* v. *Starr*, 4 Hill, 369; *S. C.*, 20 Wend., 149; *Sizer* v. *Devereaux*, 16 Barb., 160; *Smyles* v. *Hastings*, 22 N. Y., 222; *Herring* v. *Fisher*, 1 Sandf., 344; *Child* v. *Chappell*, 5 Seld., 246, 257; *Marsh* v. *Burt*, 34 Vt., 289; *Lozier* v. *N. Y. C. R. R. Co.*, 42 Barb., 468.) The plaintiff had at least a right of way. (*Badeau* v. *Mead*, 14 Barb., 328; 16 Barb., 107, 109; 1 Wend., 262; 2 Wend., 472; 19 Wend., 128; 1 Hill, 189, 191; 17 Mass., 413; 4 Allen, 206; 101 Mass., 540; 7 Gray, 83; 2 Seld., 257, 267.) When both parties trace their title to the same source, neither will be permitted to attack the title of their common author. (2 Hilliard on Real Property, 265; 1 R. S., 690, § 144; *Moseley* v. *Moseley*, 15 N. Y., 334; *McBurney* v. *Cutler*, 18 Barb., 204; *Bennett* v. *Couchman*, 48 Barb., 73; *Thomas* v. *Poole*, 7 Gray, 83, 85; *Jackson* v. *Parkhurst*, 9 Wend., 209.) Mrs. Maxwell was bound by the recitals in the joint deed with her husband. (*Grant* v. *Townsend*, 2 Hill, 554; *S. C.*, 2 Denio, 336; *Constantine* v. *Van Winkle*, 6 Hill, 177; *Bool* v. *Mix*, 17 Wend., 119, 128, 129; 1 Hilliard on R. P., 129, note; *Nash* v. *Sheppard*, 10 Metc., 192; *Raymond* v. *Holden*, 2 Cush., 264.) The findings of fact cannot be attacked in this court. (*Carman* v. *Pultz*, 21 N. Y., 547, 551; *Grant* v. *Morse*, 22 N. Y., 323, 324; *Hovey* v. *Kerr*, 8 Bosw., 196, 204.)

GROVER, J. The exception to the finding, by the referee, of the fact that Louisa A. Maxwell, at the time of and prior to her conveyance of lots forty-eight, forty-nine and fifty to the plaintiff, was the owner thereof, and of the piece of land known as South alley was not well taken. To render this

exception available in this court, the fact must be wholly unsupported by proof. (*Mason* v. *Lord*, 40 N. Y., 476; *Wegman* v. *Childs*, 41 id., 159.) It must appear that the case contains all the evidence given relating to such facts, otherwise it will not affirmatively appear that none was given tending so establish it. In the present case, it appears that a map was given in evidence of the lands in question, and of other lands in the possession of the plaintiff's grantors, showing that such lands had been surveyed and subdivided into lots by them. This map is not found in the case. It may have contained evidence as to the ownership as between Mr. and Mrs. Maxwell. But assuming that it contained no such evidence, the facts in question cannot be said to be wholly unsustained by proof as to South alley; it was proved that Mrs. Maxwell gave a quitclaim deed thereof to the defendant, who went into possession claiming under this deed. This, as against the defendant, was sufficient evidence that Mrs. Maxwell owned the land prior to and at the time of giving the deed. This deed was given to the defendant subsequent to the grant by Mr. and Mrs. Maxwell to the plaintiff of lots forty-eight, forty-nine and fifty. The conveyance to the plaintiff was by a joint warranty deed from both Mr. and Mrs. Maxwell, and was, therefore, evidence that they claimed the land in common, and their possession with this, would sustain a finding that they were so seized. If Mrs. Maxwell united in this conveyance as part owner of the lots for the purpose of conveying such interest therein, and was at the time the owner of South alley, her deed to the plaintiff gave him the same right of way in the alley, as though she had been sole owner of the lots, and had solely deeded them to the plaintiff. The defendant gave no evidence as to the title to the lots or of South alley. No motion was made to dismiss the complaint for want of proof of Mrs. Maxwell's title to the lots conveyed by her to the plaintiff. There is no more reason for a presumption that Mr. Maxwell was the owner, and that Mrs. Maxwell united with him in the deed for the purpose

of extinguishing her inchoate right of dower, than for a pre-
sumption that she was the owner, and Mr. M., her husband,
united in the deed for the purpose of extinguishing his inte-
rest as tenant by the curtesy.  As above remarked, the only
legitimate presumption was that they were equal owners in
common of the land.   The question whether the lot conveyed
to the plaintiff was bounded by the north side of or the cen-
ter of the alley, is not material to the right claimed by the
plaintiff in the action, which was a right of way over the
alley, and the correctness of the legal conclusion of the referee
upon this point will not be examined.   The judgment declar-
ing the plaintiff entitled to a right of way over the alley
cannot be sustained upon the ground that he acquired the
right as a way from necessity, for the reason that access
might be had from the land conveyed to public streets ; nor can
it be sustained upon the ground that the alley had been dedi-
cated to the public as a highway, for the reason that it had
never in any way been accepted or used as such by the pub-
lic.   The only ground upon which the judgment can be sus-
tained, is that the plaintiff acquired a right of private way
over the alley as appurtenant to the lands conveyed to him
by the Maxwells.   This right had not become appurtenant to
the lands in consequence of a previous user in connection
therewith, the alley never having been so used.   The substan-
tial facts proved and found by the referee, are that the Max-
wells, prior to their conveyance to the plaintiff, were the
owners of a parcel of land, embracing the lands conveyed to
the plaintiff, South alley and other lands; that they caused
the said parcel to be surveyed and subdivided into lots, of
suitable size for building purposes, and a map thereof to be
made, upon which the lots were designated by numbers, and
South alley designated as an alley, and afterward conveyed
lots forty-eight, forty-nine and fifty to the plaintiff, describing
lot fifty as all that certain lot situate in the village of Saratoga
Springs, known and distinguished as lot number fifty on a map
of village lots owned by the parties of the first part, referring
particularly to the said map, and specifying the boundaries of

the lot as laid down thereon, referring as follows to South alley: Thence to a stake in north line of South alley; thence along the north line of South alley, etc. South alley was laid down on the map as an alley running along the boundary of the lot sixteen feet in width, continuing along past the rear of lot fifty, and along other lots owned by the Maxwells. This conveyance of the lot, so made in reference to the map designating the strip as an alley, gave the plaintiff a right of way over the alley to the rear of his lot, as against his grantors and their subsequent grantee of the alley. (*In re* Mayor, 2 Wend., 472; *Smyles* v. *Hastings*, 22 N. Y., 217; *Badeau* v. *Mead*, 14 Barb., 328.) The question whether the plaintiff had not an adequate legal remedy for the disturbance of this right of this way does not arise, as it was not insisted upon in the answer. (*Roy* v. *Platt*, 4 Paige, 77; *Truscott* v. *King*, 2 Seld., 147.) The rights of the parties were established by the conveyances. This renders an examination of the exceptions taken by the defendant to other evidence introduced by the plaintiff unnecessary.

The judgment appealed from must be affirmed, with costs.

All concurring, judgment affirmed.