People ex rel. Sanders v. Court of Special Sessions.

PEOPLE *ex rel.* SANDERS v. COURT OF SPECIAL SESSIONS.

*Certiorari — evidence may be reviewed on — disputed question of fact not reviewed — Witness — failure to object to incompetent.*

Upon a certiorari, the court may go beyond the question whether the inferior tribunal had jurisdiction to examine the evidence ,and determine whether there was any competent proof of the facts necessary to authorize the adjudication made, and whether, in making it, any rule of law affecting the rights of the parties has been violated. *People* v. *Smith,* 45 N. Y. 776, followed.

A witness was sworn for the people, at the trial of a complaint against a person for abandoning his family, and no objection was taken to her compe-

tency, although defendant appeared by counsel. *Held,* that defendant could not raise the question of competency on appeal.

Upon a certiorari the appellate court will not review a decision of a mere question of fact upon the weight of evidence.

CERTIORARI upon the relation of John J. Sanders * to the court of special sessions to review the proceedings of that court on an appeal from an order made by one of the police justices of the city of New York, adjudging the relator to be a disorderly person, in having abandoned his family, and directing that he pay, or cause to be paid, to the commissioners of charities and corrections $6 weekly for the support of his family.

*J. H. Whitelegge,* for relator.

*H. U. Ruggles,* for respondent.

LAWRENCE, J. The appellant having been convicted before Police Justice Bixby of having abandoned his wife, was adjudged by the justice to be a disorderly person, "and was ordered to pay to the commissioners of charities and corrections the sum of $6 weekly for and toward the support of his family during the period of one year," etc. Thereupon the appellant gave the bond provided for by section 24 of part 1, title 6, chap. 20 of the Revised Statutes, and appealed to the court of special sessions. 1 R. S. 647, § 24; and see Laws 1860, chap 508.

That court, having heard the allegations and proofs, affirmed the order and judgment of the justice, and the case now comes before this court upon a writ of certiorari.

The certiorari is a common law certiorari. It was formerly held that, upon such a writ, the court could not go beyond the question whether the inferior tribunal had jurisdiction over the parties and subject matter. Recent cases have overthrown this doctrine, and the rule now existing is laid down by GROVER, J., in the case of *People* v. *Smith,* 45 N. Y. 776, in which he says: "It must now be regarded as settled in this State that it is the duty of the court * * * * to examine the evidence and determine whether there was any competent proof of the facts necessary to authorize the adjudication made, *and whether, in making it, any rule of law*

---

* The title to this action in the "error book" and relator's points is "People *ex rel.* Commissioners of Public Charities and Corrections on complaint of Susanna Sanders against John J. Sanders, relator."

*affecting the rights of the parties has been violated.*" See, also, *People* v. *Board of Police,* 39 N. Y. 506; *People* v. *Assessors of Albany,* 40 id. 154; *Mullins* v. *People,* 24 id. 404.

A variety of objections were urged by the appellant's counsel against the legality of the conviction on the argument before this court.

First. It appeared that the parties had formerly resided at Bricksburgh, in the State of New Jersey, and that in December, 1872, the complainant, Susanna, had made a complaint against the defendant for cruelly beating her and threatening to kill her, and for inflicting bodily injury upon her, and that an examination was had before a justice of the peace, in New Jersey, on the said complaint, which resulted in the discharge of the defendant.

It is claimed on the part of the appellant that it was on this occasion that his wife left him, and that the present charge is for the same conduct as was the subject of investigation before the justice in New Jersey, and that therefore the defendant has been twice put in jeopardy for the same offense. The point need only be stated to show that the two charges are not for the same offense, and that the judgment rendered by the justice of the peace in New Jersey could have no bearing upon the question before the police justice and the court of special sessions.

Second. As to the point that the police justice, before whom the charge was originally heard, was disqualified to sit as a member of the court of special sessions, which heard the appeal, it is sufficient to say that the record shows that the court of special sessions was composed of Justices Ledwith, McQuade, and Hogan.

Third. The complaint before the police justice was made by the wife, Susanna Sanders, and she was examined as a witness at the hearing before the justice, and, also, on the trial on appeal before the special sessions. It is objected that she could not legally be a witness against the defendant on these proceedings.

The point, however, cannot be maintained upon this appeal, for the reason that although the defendant appeared by counsel no objection was taken to the competency of the wife as a witness, and there is no exception which enables the appellant to discuss the question. *Ingersoll* v. *Bostwick,* 22 N. Y. 425.

In *Quin* v. *Lloyd,* 41 N. Y. 345, a party was permitted to testify without objection to transactions between himself and a deceased person in an action between him and the personal repre-

sentatives of the deceased. The other party then moved to strike out the testimony, and the referee, before whom the cause was tried, having granted the motion, the Court of Appeals held that the referee erred.

Judge WOODRUFF says in that case : "A party against whom a witness is called and examined cannot lie by and speculate on the chances ; first learn what the witness testifies and then when he finds the testimony unsatisfactory object either to the competency of the witness or to the form or substance of the testimony.".

Without intending, therefore, to express any opinion as to the wife's competency as a witness in these proceedings, it is entirely clear that the appellant having failed to object to her as a witness at the trial cannot raise the question on this appeal.

Fourth. There certainly was evidence before the court below which strongly tended to show that the appellant had abandoned his wife and family, and which is sufficient to support the judgment. The rule is, that upon a *certiorari* the appellate court will not review a decision of a mere question of fact upon the weight of evidence. *People* v. *Board of Police,* 39 N. Y. 512, per WOODRUFF, J.

Fifth. There were some other questions discussed by appellant's counsel on the argument which I have examined but which do not seem to me to affect the validity of the conviction and order, and I am therefore in favor of affirming the judgment appealed from, with costs.

*Judgment affirmed.*