## GALLUP v. BABSEN.

## WELLS v. HOLBROOK.

*Appeal — point not raised below will not be reviewed on.*

Defendant tried his case on certain points of fact, calling the attention of the court to no other. Upon appeal he made, as a new ground, that the case on the merits was not made out. The record was not shown to contain all the evidence. *Held,* that defendant could not raise the point that plaintiff had failed to make out an issue.

APPEALS by defendants from judgments in favor of plaintiffs entered upon the decision of the court.

The actions were brought — one by John T. Gallup against William R. Babsen and another, and the other by William R. Wells against Isaac S. Holbrook and another, to enforce mechanics' liens. Enough facts appear in the opinion.

Present — BARNARD, P. J., and DONOHUE, J.

DONOHUE, J. These cases are, in the main, substantially alike. They are to enforce a mechanic's lien, and after the plaintiff rested the defendants asked a dismissal on the grounds : 1. That the lien had not been prosecuted within one year. 2. That the notice was not filed with the town clerk. 3. That the summons was served too late. The cause was tried by the court without a jury, and the attention of the learned judge was not called to any other defect of proof which might have been supplied, and it was apparently admitted and taken for granted that the only grounds of defense were those stated. The judge overruled the points raised, and we think correctly ; and the defendant, having appealed, now makes a new ground, not made before the court below, that the case, on the merits, was not made out. The defendants below did not sum up the case or request any findings, so far as the record shows, that could call attention to the point now made, and it does not appear even that the case on the appeal contained all the evidence on the trial. *Price* v. *Keyes,* 3 N. Y. Sup. 720 ; *Cox* v. *James,* 45 N. Y. 557. The proof shows the judge right on the points made.

Gallup v. Babsen.

The sole question presented here is, can the defendant try his case on certain points of fact, calling the attention of the court to no other — admitting in fact that all others are proved, and then appeal on a record not necessarily containing all the evidence — take the point that the plaintiff has failed to make out an issue perhaps really admitted. We think this cannot be done. *Ingersoll* v. *Bostwick,* 22 N. Y. 425 ; *Johnson* v. *Whitlock,* 13 id. 345 ; *Douglass* v. *Day,* 3 Keyes, 434. It does not appear on the record that had the point, now raised, been taken at the trial it could not (if it really exists) have been cured.

Experiments are not to be encouraged, nor is the record on questions of fact to be critically examined where no point below was taken to call attention.

The judgment should be affirmed.

*Judgment affirmed.*