GEORGE F. YOUNG, RESPONDENT, v. ISRAEL G. ATWOOD, APPELLANT.

*Replevin — error in form of judgment in — corrected by motion and not by appeal — Evidence — offer of rent — not competent evidence of value of use — expenses of sheriff in removing property.*

The proper mode of correcting a judgment entered in a replevin suit, erroneous in that it is for the value of the property, instead of being for its possession, and in case a delivery could not be had, for its value, is by motion, and not by appeal. *Ingersoll* v. *Bostwick* (22 N. Y., 425) followed.

An offer of a certain price for the use of property is not competent evidence from which to determine the amount of damages arising from its unlawful detention.*

In an action of replevin, the expenses of taking and removing the property by the sheriff, are not to be included in the damages given for its detention. They constitute part of the disbursements in the action, and should be added to the costs.

APPEAL from a judgment entered on a referee's report, in an action of replevin.

*Henry Stanton*, for the appellant.

*Frederick B. Swift*, for the respondent.

* See *Hotchkiss* v. *Germania Fire Ins. Co.*, ante, p. 90. — [REP

DANIELS, J.:

This action was brought to recover possession of a piano, wrongfully detained from the plaintiff by the defendant. It was delivered to the plaintiff upon the usual documents the Code allows to be issued for that purpose, at the time of the commencement of the action, and judgment seems to have been entered for its value, with thirty dollars damages, arising out of its wrongful detention. This form of judgment was wrong. It should have been for the possession of the piano, or the value thereof in case a delivery could not be had, with the damages for its detention. (Code, § 277.) But the mode of correcting the irregularity, as long as the referee, by his report, directed the judgment to be entered in the form prescribed by this section, was not by an appeal, but by motion. (*Ingersoll* v. *Bostwick*, 22 N. Y., 425.)

Upon the trial it was proved, by a competent witness, that the rent of the piano was ten dollars per month. This evidence was given without objection, and it seems to have been quite satisfactory to the referee. For he stated that he should take it for granted that it was worth ten dollars a month, unless contrary proof was given on the subject. But, notwithstanding that, the plaintiff's counsel insisted on showing, and was finally allowed to do so, that the plaintiff had been offered ten dollars a month for the use of it, from about the middle of January to the first of May. The defendant's counsel excepted to the decision by which this was permitted to be shown, and there seems no reason to doubt that the exception was well taken. For an offer by another person to pay that sum for the use of the piano up to the first of May would not entitle the plaintiff to recover it, as long as it was not detained by the defendant to that time. Besides, a mere offer would be no legal proof of the fact that the plaintiff was deprived of the sum offered, even if the piano had been afterward detained during the period the offer included. It furnished no certain reason for deciding that the plaintiff would have received the sum offered, if he had the possession of the property it related to. The evidence ought to have been excluded. (*Masterton* v. *City of Brooklyn*, 7 Hill, 62, 72.)

The referee found that the wrongful detention of the piano did not commence until the 15th of January, nor continue beyond

the 22d day of February, 1870, and that ten dollars a month was the value of the rent of it. And yet he assessed the damages for the detention at the sum of thirty dollars. There is some reason for supposing that this was partially made up by the allowance of expenses paid for its removal, when it was taken by the sheriff from the defendant. But if that were the case it was improper, for those expenses formed no part of the plaintiff's cause of action. They were part of the disbursements in the suit, and should have been added to the costs, instead of the damages for the detention of the property. They were incurred in obtaining possession by means of the legal proceedings taken, and were part of the necessary expenses of the action, and, as such, taxable in the plaintiff's costs. (3 R. S. [5th ed.], 933, § 7.) This section includes all charges for other disbursements beyond those particularly mentioned, and provides for their allowance, on an affidavit specifying the items, when they appear to have been necessary and reasonable in amount.

According to the actual time of detention, as the referee found it to have been established by the evidence, the damages for that should not have exceeded twelve dollars and fifty cents. The defendant claimed it should have been less, because the person to whom the piano had been rented by the plaintiff, had paid the rent for part of that time. But her right to the possession was expressly surrendered to the plaintiff by her, and in no way whatever transferred or assigned to the defendant. He was, therefore, not in a situation to justify his detention by means of a right of possession which she had, and relinquished to the plaintiff. He had no right to detain the property, and claimed none by his answer.

But, as the damages allowed for the detention were more than either the proof or the facts found by the referee permitted the plaintiff to recover, the judgment should be reversed and a new trial ordered, with costs to the defendant to abide the event, unless the plaintiff, in twenty days after notice of this decision, stipulate to reduce the damages to twelve dollars and fifty cents. In case such stipulation be given, then the judgment, as so modified, should be affirmed, without costs of the appeal, but with costs of the action to the defendant since the service of the offer that the

plaintiff might take judgment for the recovery of the property, and twenty-five dollars damages and costs, and with costs to the plaintiff up to the time of the service of such offer.

DAVIS, P. J., and DONOHUE, J., concurred.

Ordered accordingly.