ARTHUR HENRY AND OTHERS, PLAINTIFFS, v. MICHAEL REICHERT, DEFENDANT.

*When one of two grantees under quit-claim deeds may, as against the other, dispute their grantor's title—In ejectment the plaintiff must recover on the strength of his own title.*

Where both the plaintiff and defendant in an action of ejectment claim under quit-claim deeds given by a common grantor, the defendant may show that such grantor had no title, and that nothing passed by either of the deeds executed by him.

In an action of ejectment the plaintiff must recover upon the strength of his own title, and the defendant need not show title in himself until some right to disturb his possession has been shown by the plaintiff.

MOTION by the defendant for a new trial on exceptions taken at the Cattaraugus Circuit, and ordered to be heard at the General Term.

The action was one of ejectment, to recover a lot of land in Olean, Cattaraugus county.

*Bolles & Moulton,* for the plaintiffs.

*Cary & Jewell,* for the defendant.

Smith, J.:

At the trial, each party showed a chain of conveyances from one Wright to himself. Of the two deeds executed by Wright, that under which the plaintiffs claimed was prior in date and registry to that on which the defendant relied. If nothing more had appeared, that state of the proof would have entitled the plaintiffs to recover, for as against the defendant it showed, *prima facie,* that Wright had the title at the date of his conveyance under which the plaintiffs claim. (*Cox* v. *James,* 45 N. Y., 557; 2 Greenl. Ev.; § 307.) But the defendant was not thereby concluded. The deed from Wright under which the plaintiffs claimed was a mere quit-claim, and it does not appear that the deed to the defendant's grantees was anything more. It was, therefore, competent for the defendant to show, if he could, that Wright had not the title, and that nothing passed by either of the deeds which he executed. (*Sparrow* v. *Kingman,* 1 Comst., 248; *Averill* v. *Wilson,* 4 Barb., 180; *Bigelow* v. *Finch,* 11 Id., 498.) It appeared without dispute that the parties through whom the plaintiffs claimed to have derived title from Wright were never in possession of the premises.

David Hall testified that he occupied the premises for about two years, commencing in 1840 or 1841, but never claimed to own them, and that Wright went in under an arrangement with him by which the witness transferred his possession to Wright. He gave Wright no writing at the time, and told him he was not the owner; but, after repeated requests from Wright, the witness gave him a quit-claim deed. The deed was executed and acknowledged on October 8, 1867, more than six years after Wright had executed the quit-claim deed under which the plaintiffs claim, but it was dated back to the year 1845. Wright made little or no improvement on the premises, and his occupation of them was not continuous. Lambert Whitney testified that in 1851 he became the agent of certain parties at the East who claimed to own the premises; that Joseph Blount, of New York, was the agent for the owners; that David

Day was the local agent before the witness took the agency; that Wright occupied the land under Day as agent, Wright agreeing to pay the taxes; and that when witness took the agency, he agreed with Wright that he might continue to occupy on the same terms, and Wright continued in possession accordingly, "until," as the witness testified, "the oil excitement came up, and then they began to manufacture these deeds." The testimony of Hall and Whitney was uncontradicted, and it showed very clearly that Wright never had any title to the premises.

The plaintiffs can only recover on the strength of their own title, and the defendant need not show title in himself, until the plaintiffs have shown some right to disturb his possession. If Wright had no title, the plaintiffs have none. They have not even a possessory right, for Wright's possession was not under claim of title until 1867, and his grantees, under whom the plaintiffs claim, and the plaintiffs themselves, have never been in possession.

There should be a new trial.

HARDIN, J., concurred; TALCOTT, P. J., not sitting.

New trial granted, costs to abide event.