(11 Misc. Rep. 579.)

## CROWLEY et al. v. MURPHY.

(Superior Court of New York City, General Term. March 4, 1895.)

1. EJECTMENT—BY GRANTEE IN VOID DEED—PARTIES.
   Under Code Civ. Proc. § 1501, providing that ejectment "may be maintained by a grantee, * * * in the name of the grantor, * * * where the conveyance under which he claims is void because the property was held adversely to the grantor," a complaint is defective where such void deed named C. and J., his wife, and E., as grantors, but J. was not made a party plaintiff, though J.'s only interest in the land was that of an inchoate right of dower.

2. SAME—ANSWER—RIGHT OF POSSESSION.
   Defendant on the trial may prove an assessment lease of the premises, though such lease is not alleged in the answer, as the facts which merely refute the claim of a right of entry need not be pleaded.

Action by Cornelius George Crowley and Ellen Daly against Mary Murphy to recover the possession of land. There was a verdict in favor of plaintiffs, and defendant's exceptions were ordered to be heard at general term in the first instance. Sustained.

Argued before SEDGWICK, C. J., and McADAM, J.

F. J. Mather, for plaintiffs.
David B. Ogden, for defendant.

SEDGWICK, C. J. The action is of ejectment. Mr. Joshua C. Sanders was a grantee in a conveyance of the lands in question, at a time when the lands were held adversely to his grantor, as the complaint alleged, and the deed was therefore void. He brought this action under section 1501, Code Civ. Proc. That section is: Ejectment "may be maintained by a grantee * * * in the name of the grantor, * * * where the conveyance under which he claims is void because the property was held adversely to the

grantor." The complaint alleged in a certain manner, which will not be here examined, facts sufficient, on the face of the pleading, to make a cause of action under the statute. The complaint averred that on the 31st July, 1882, the said Ellen Daly and Cornelius George Crowley, the plaintiffs herein, duly made a deed of the said lot of land, etc., unto Joshua C. Sanders, granting unto him the same, etc. It is not contested that in such an action all the grantors in the void deed must be joined as plaintiffs. This is not a question of misjoinder of parties, because under the statute the conditions of the statute must be regarded, to make any cause of action whatever. If there be three grantors, two of them only, when made plaintiffs, cannot be used to sustain the action under the statute. On the trial the plaintiffs offered in evidence the deed to Mr. Sanders. It was objected to. It purported to be a conveyance of the premises in question, made by "Cornelius George Crowley, only child and heir at law of Cornelius Crowley, deceased, and Julia Fannie, his wife, and Ellen Daly, to Joshua C. Sanders." The objection was that "Julia Fannie" appeared to be a grantor under the statute, and that the action could not be sustained without her being made a plaintiff, as the statute gave the action if all the grantors were made plaintiffs. It may here be said that the statute by "grantors" means those who appear to be grantors in the void deed. It may be that, in a case where an apparent grantor has in fact no estate, that may be alleged and proved, and permit a recovery; but first the statute must be observed, and all the grantors must be made plaintiffs. The reason for this is direction of the statute, which must be obeyed. The argument of the learned counsel for plaintiffs is that "Julia Fannie" appears by proof to have had no estate and no interest but that of an inchoate right of dower. In my view, that does not conclude the question. It must also appear that she is not one of the grantors on the face of the void deed. In the deed the only words, so far as the record before us appears, that would prevent her appearing as a grantor, are, "and Julia Fannie, his wife." These words are only descriptio personae. Without them she would appear to convey her estate as tenant in common with her other grantors. With them she is only identified as a wife in a part of the deed that is not a granting part. Of much the same kind of deed Judge Grover said in Cox v. James, 45 N. Y. 561:

"There is no more reason for a presumption that Mr. Maxwell was the owner, and that Mrs. Maxwell united with him in the deed for the purpose of extinguishing her inchoate right of dower, than for a presumption she was the owner, and Mr. M., her husband, united in the deed for the purpose of extinguishing his interest as tenant by the curtesy. As above remarked, the only legitimate presumption was that they were equal owners in common of the land."

I therefore think that the complaint should have been dismissed, for the reason that there was a material variance from the allegations of the complaint, and that the action could not be maintained without joining Mr. Crowley as plaintiff.

On the trial the defendant's counsel offered in evidence a lease made by the mayor, etc., of New York to Isaac O. Ogden of the

premises for the term of 1,000 years from 20th October, 1875. The plaintiffs' sole objection to this was that it should have been put in the answer, and this objection was sustained. I do not think the objection can be sustained. "This action lies for the recovery of the possession of real property in which the lessor of the plaintiff has the legal interest and a possessory right." 1 Chit. Pl. 187. "A remainder-man or reversioner cannot support this action while the right of possession is in another." Id. 190. "When the title of the real plaintiff in ejectment is controverted under the general issue, he must prove (1) that he had the legal estate in the premises at the time of the demise laid in the declaration; (2) that he also had the right of entry," etc. 2 Greenl. Ev. 304. A defendant need not set up specifically in the answer those facts which merely refute the claim of a right of entry. A landlord has not the right of entry while a term is outstanding which prevents his having that right. When the term is ended it is otherwise. The term created by the corporation lease binds him through the obligations of the law, and as long as it lasts he has no right to enter. The character of the consequences from a lease is not different from that of those under a conveyance in fee. He has no right to enter. Of course, this is not at variance with the proposition that a lessee cannot deny the title of the landlord, and cannot, through the term, begin an adverse possession that might result in a title. That does not allow the landlord, under his title, entering upon his lessee. Nor does it make any difference that his right to enter has been taken away by a competent lease to some one else than the defendant. The lease destroys a right to enter, which he must prove, whoever may be the defendant. I therefore think that the assessment leases were admissible as evidence. I wish to notice the situation of the case at the trial. The plaintiffs were bound to prove that the deed to Mr. Sanders was void. They therefore, under the circumstances, showed that the defendant was in adverse possession, and were further bound to show she claimed to hold under some specific title. The judgment should be reversed, and a new trial ordered, with costs to defendant to abide the event.